## Charles D. Pope's Ex'r *v.* Dudley Weber, et al.

[Abstract Kentucky Law Reporter, Vol. 1—329.]

**Power of Trustee to Encumber Property by Making Improvements.**

    A trustee has no power to endanger the whole trust estate by making unnecessary improvements on the real estate in his hands.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

October 23, 1880.

Opinion by Judge Cofer:

The lot leased in this case had on it at the time it was leased a two-story brick house. It is not shown to have been untenantable. No necessity for the character of lease that was made is shown. On the contrary we are justified in assuming that the house then on the lot was fit for use, and had been and might have been rented, with the ordinary repairs, until this time. These facts are sufficient to distinguish this from the case of *Greason v. Keteltas*, 17 N. Y. 491, where the lease was of a vacant and unimproved lot subject to large assessments and taxes. Moreover, in that case it was proved that the lease made, in view of all the circumstances, was reasonable and proper, "great exertions having been made by the testator in his lifetime, and required after his death, to lease the property with a view to the payment of taxes and assessments.".

Under such circumstances there was probably no other way in which the property could be preserved. In the case at bar the lot was already improved, and no effort was made to show that in its then condition it could not be rented at a reasonable sum, and for aught in this record it might have been worth all the lessee agreed to pay for it without subjecting the estate to loss in a sale to pay for the lessee's improvements. That the lessee acted in good faith cannot avail his assignee. He knew the condition of the property, and was bound to know the extent of the powers of the trustee.

To subject the property to the payment of the costs of these im-

provements, or the amount that they may have enhanced its vendible value, because the trustee and lessee mistook the extent of the former's powers, would be to endanger the whole trust estate by visiting upon the *cestui que trust* the consequences of the mistake of the trustee to whom the title was committed for their security, and thus to convert that which was intended for the protection of their interests into an instrument for its destruction.

But the improvements put upon the lot have enhanced its value very greatly. The trustee had power to dispose of the rents, and for the rent unpaid at the end of the term no judgment should have been rendered. Neither party offered any evidence as to the value of the rent after the term expired. The receiver rented it for $35 per month. That is a safe criterion of its value, and for the time elapsing between the end of the term and the surrender of possession rent should be charged at that rate.

There is no evidence that Mrs. Weber received anything from her father's estate. The deposition of her husband was excluded on appellant's motion.

The judgment for rent is *reversed,* and the cause is remanded for a judgment in conformity with this opinion. The judgment dismissing the petition is *affirmed.*

J. T. O'Neal, Young & Boyle, for appellant.

Thornberry & Hopkins, for appellees.